# HEIBERGER v. WORTHINGTON.

---

CONTRACTS; ATTORNEY AND CLIENT; AFFIDAVITS OF DEFENSE.

1. In an action by attorneys to recover fees due for professional services, on a written contract fixing the fees to be paid, what would be just and reasonable compensation for the services rendered is immaterial.
2. Where a written contract between attorneys and client provides for the payment, as a contingent fee for services, of a sum equal to "from 10 to 15 per cent" of the market value of the interest of the client recovered, the contract gives them the right to claim 15 per cent, and they cannot be restricted to 10 per cent.
3. In an action by the attorneys on such a contract, where the affidavit supporting the declaration alleges the market value of the defendants'

interest recovered to have been $90,000, and that after the making of the contract the defendant agreed that the compensation was to be 15 per cent of that sum, an affidavit of defense is insufficient which does not controvert such allegations, but merely states that in a compromise settlement of the litigation, the interest of the defendant was estimated to be of the value of $80,000, and that the compromise had been effected with the approval and active co-operation of the plaintiffs.

No. 1395.   Submitted April 12, 1904.   Decided May 4, 1904.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, for want of a sufficient affidavit of defense, in an action on a contract.

*Affirmed.*

The COURT in the opinion stated the case as follows:

The appellees, Augustus S. Worthington, R. Ross Perry, Sr., and Francis P. B. Sands, sued as plaintiffs in the supreme court of the District to recover a balance claimed to be due to them from Franz J. and Mary W. Heiberger, the appellants, the defendants in the suit, for professional services rendered by the plaintiffs to the defendants in the matter of the contest of the will of John W. Nairn, the father of the appellant Mary W. Heiberger, with whom her husband, the other appellant, was joined in the suit. There was an express contract in writing between the parties providing for a sliding scale of compensation to the plaintiffs under various enumerated contingencies. The clause which bears upon the present controversy is in these words:

"It is further agreed that in the event of final success in the lower court a fee contingent upon such success is to be paid to said parties of the second part (the appellees) to be divided equally between them, of a sum equal to from 10 to 15 per cent of the market value of the interest of said Mary W. Heiberger

in the estate of said John W. Nairn, deceased, upon the setting aside of said will."

The appellants were successful in the lower court, although as the result of a compromise, and the will was set aside; and in the compromise agreement the estate of John W. Nairn, for the purpose of its division between the parties in interest, was estimated as being of the value of $600,000, and 13½ per cent of it, amounting on the same basis of valuation to $80,000, was assigned to belong to the appellant, Mary W. Heiberger, the largest portion of this, however, being to be held in trust for her until the happening of a certain contingency. The date of this compromise agreement does not appear in the record before us, but apparently within a few months afterwards, in June, of 1903, the appellants paid to the appellees, on account of the professional services rendered, the sum of $12,000. This was 15 per cent of $80,000, and the appellants claim that it was all to which the appellees were entitled, under their contract. The appellees, however, claimed, and yet claim, that the market value of the interest of Mary W. Heiberger in the estate of her father, as determined under the compromise, was not less than $90,000; that this was agreed upon in April, of 1903, between the appellants and the appellees as the market value of the interest, and that it was then also agreed upon between the parties that the sum of $13,500, being 15 per cent of said sum of $90,000, was the proper amount to be paid by the appellants to the appellees under the contract between them. Demand for the balance, the sum of $1,500, being made upon the appellants, they refused to pay, and thereupon the appellees instituted the present suit to recover that balance.

The appellees, with their declaration, filed an affidavit intended to be the basis of a summary judgment under the 73d rule of the supreme court of the District; and the appellants, in support of a plea of the general issue and a plea of set-off, filed a counter-affidavit, in which they averred that 10 per cent of $80,000, the minimum rate mentioned in the con-

tract, and which would have amounted to $8,000, would have been a just and reasonable compensation for the services performed; and they pleaded as a set-off the difference which they had paid between $8,000 and $12,750, in which latter amount they included a retaining fee of $750, which in the written contract is independent of the percentage stipulated to be paid in the event of success, as heretofore stated.

Judgment was rendered for the plaintiffs under the 73d rule for $1,500, the amount claimed; and from this judgment the defendants have appealed.

*Mr. J. Althens Johnson* and *Mr. Irwin B. Linton* for the appellants.

*Mr. Charles L. Frailey* for the appellees.

Mr. Justice MORRIS delivered the opinion of the Court:

There is no room here for the discussion which the appellants seem desirous to raise, as to what would be a just and reasonable compensation to the appellees for the professional services rendered by them. There is an express contract in writing by which the matter must be determined. Nor is there any ground for restricting the appellees to a percentage of 10 per cent of the property recovered. The contract gives them the right to claim 15 per cent; and they have elected to do so. The only question reasonably open for consideration is that of the valuation of the property upon which the percentage claimed by the appellees is to be based; and this question is not a difficult or doubtful one.

The appellees, in their affidavit filed with the declaration, swear positively that the market value of the property recovered for Mary W. Heiberger is not less than $90,000; that this valuation was agreed upon between the appellants and the appellees; and that the sum of $13,500 based thereon, was like-

wise agreed upon between them as the compensation to be paid to the appellees under the contract. These are the substantial allegations of the affidavit, and not one of them is in any manner controverted in the affidavit of defense. In this latter affidavit the only averment that bears upon this point is one wherein it is recited that, in the compromise agreement over the contest regarding the will, the property of John W. Nairn, "to be divided between the parties to said agreement was estimated to be of the value of six hundred thousand dollars ($600,000), of which property 13.8-24ths per cent, or eighty thousand dollars ($80,-000), was to belong to the defendant, Mary W. Heiberger;" and that the compromise had been effected with the approval and active co-operation of the appellees. But plainly this is no answer to the affidavit of the plaintiffs. The important question is the market value of the share of John W. Nairn's estate recovered for Mary W. Heiberger. The plain and positive statement of the plaintiffs that this was upwards of $90,000 is not controverted by an averment that for conventional reasons the estate of John W. Nairn was estimated at $600,000, and that the share of Mary W. Heiberger in this was $13\frac{1}{3}$ per cent. If this share was not of the market value of $90,000 and upwards it would have been easy to say so. If it was not said the inference is clear that it could not have been truthfully said.

We find no reason to disturb the judgment appealed from; and that judgment must be affirmed, with costs. And it is so ordered.                                                   *Affirmed.*